**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 23-90085 (DRJ)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF<br>EQUITY SECURITIES HOLDERS,<br><br>　　Plaintiff.<br><br>v.<br><br>BANK OF AMERICA SECURITIES, INC., MERRILL, LYNCH, PIERCE, FENNER & SMITH INCORPORATED, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO., LLC, PERSHING LLC, NATIONAL FINANCIAL SERVICES LLC, STATE STREET BANK AND TRUST COMPANY, AND UBS SECURITIES LLC,<br><br>　　Defendants. | Adversary Proceeding No. 23-03106<br><br>**[PROPOSED] ORDER** |

## TEMPORARY RESTRAINING ORDER

Upon the application (the "Application")[2] of the Official Committee of Equity Securities Holders (the "Equity Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for a temporary restraining order (this "Order") filed on June 12,

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Application.

2023; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that, after carefully considering the briefing, the applicable law, and all matters properly before the Court, the Equity Committee has clearly showed that immediate and irreparable injury, loss, or damage will result to the Debtors if Defendants' acts are not immediately restrained; and this Court having determined that the legal and factual bases set forth in support of the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

It is ORDERED THAT:

1. Pursuant to Sections 105(a), 362, and 362(k) of the Bankruptcy Code:

   a. Defendants shall close out all uncovered, naked short positions on all restricted Dividended Scilex Stock;

   b. Defendants shall close out all uncovered, naked short positions on all Scilex Common Stock;

   c. Defendants shall rescind any pending naked short-sales of Dividended Scilex Stock and Scilex Common Stock;

   d. All short-sales of Dividended Scilex Stock are hereby enjoined from the date hereof through the close of the Chapter 11 Cases;

   e. Defendants shall pay a penalty of $1.00 a day per share of Dividended Scilex Stock and unrestricted Scilex Common Stock, which Defendants

        individually hold as custodian for their beneficial owners, whose positions are not closed out within five (5) business days of the date of this Order, to be deposited with the Registry of the Court for the benefit of the Debtors' estates; and

    f.    Defendants shall provide an accounting of and disgorge all profits received from the naked-short selling of Dividended Scilex Stock and Scilex Common Stock, including all interest charged to short-sellers, by depositing such gains into the Registry of the Court within five (5) business days of the entry of this Order for the benefit of the Debtors' estates.

2.    Nothing in this Order or in the Application shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any beneficial holders of the Dividended Scilex Stock or of the Scilex Common Stock or Scilex Preferred Stock, including in connection with the treatment of any such stock under any applicable Bankruptcy Court order.

3.    The Equity Committee is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

4.    The terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023

                                                      DAVID R. JONES
                                                      UNITED STATES BANKRUPTCY JUDGE