**EXHIBIT C**

**Declaration of Dr. John W. Welborn**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 23-90085 (DRJ)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF<br>EQUITY SECURITIES HOLDERS,<br><br>　　Plaintiff.<br><br>v.<br><br><br>BANK OF AMERICA SECURITIES, INC., MERRILL, LYNCH, PIERCE, FENNER & SMITH INCORPORATED, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO., LLC, PERSHING LLC, NATIONAL FINANCIAL SERVICES LLC, STATE STREET BANK AND TRUST COMPANY, AND UBS SECURITIES LLC,<br><br>　　Defendants. | Adversary Proceeding No. 23-03106 |

**DECLARATION OF DR. JOHN W. WELBORN IN SUPPORT OF PLAINTIFF'S
EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING
<u>ORDER AND PRELIMINARY INJUNCTIVE RELIEF</u>**

　　I, Dr. John W. Welborn, pursuant to 28 U.S.C. § 1746, hereby declare that the following

is true and correct to the best of my knowledge, information and belief:

---

[1] 　The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are:  Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956).  The Debtors' service address is:  4955 Directors Place, San Diego, CA 92121.

1. I am a Lecturer in Economics, Mathematics, and Political Economy at Dartmouth College. Prior to my position at Dartmouth College, I was a Postdoctoral Research Fellow at Columbia Business School. I hold a Ph.D. in Economics from George Mason University, an M.Sc. from the London School of Economics, and a B.A. in Economics modified with Math from Dartmouth College.

2. I specialize in big data analysis, event studies, and damage modeling related to short-selling and SEC Regulation SHO ("Reg SHO"). I have more than ten years of experience in economic consulting and conducting forensic data analysis in matters related to securities lending and trade settlement. As an academic, I have researched and written extensively on issues related to stock lending, fails-to-deliver, and SEC regulations concerning short-selling and trade settlement, including Reg SHO.

3. I submit this declaration in connection with the Official Committee of Equity Security Holders' (the "Equity Committee") *Emergency Application for a Temporary Restraining Order and Preliminary Injunctive Relief* (the "Application"), filed contemporaneously herewith.[2]

4. Unless otherwise stated in this declaration, all matters set forth in this declaration are based on my personal knowledge, my review of relevant documents, information supplied to me, or my personal views. If called upon to testify, I could and would testify competently to the facts set forth in this declaration.

5. I understand that this dispute involves claims that the Defendants have allowed their customers to engage in naked short-selling of Scilex Common Stock in violation of Regulation SHO and other applicable laws and regulations.

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Application.

2

6. Per SEC Rule 203(b)(1) and (2), "Regulation SHO requires a broker-dealer to have reasonable grounds to believe that [a] security can be borrowed so that it can be delivered on the date delivery is due before effecting a short sale order in any equity security. This "locate" must be made and documented prior to effecting the short sale."[3]  "Naked" short-selling, which is illegal in most circumstances, occurs when a short-seller does not borrow or arrange to borrow securities in time for delivery to the Clearing Corporation by the trade date plus two days ("T+2"). When one party does not deliver shares to the clearinghouse within T+2 settlement days, then a settlement failure may occur. This "fail-to-deliver" ("FTD") is documented as a delivery obligation in the clearinghouse account of the broker–dealer that executed the trade.[4]

7. According to the SEC, "'Naked' short selling…can have negative effects on the market. Fraudsters may use "naked" short selling as a tool to manipulate the market."[5] My published academic research has shown that stocks with high and/or persistent FTDs tend to experience depressed stock prices in the form of negative abnormal returns.[6]

8. I am aware that many Brokerage Firms filed responses (the "Broker Reports") pursuant to the Court's *Order Compelling Brokerage Firms' Compliance with Various Regulatory Requirements* [Dkt. No. 609, and, as amended, Dkt. No. 681].

9. I have reviewed the Broker Reports filed by the Brokerage Firms, including those Broker Reports filed by the Defendants.  I have also reviewed data and information relevant to Scilex and Scilex stock.

---

[3]  *Key Points About Regulation SHO* (https://www.sec.gov/investor/pubs/regsho.htm).

[4]  Thomas Stratmann and John W. Welborn, *The options market maker exception to Regulation SHO*, 16 J. OF FIN. MKTS. 195 (2013).

[5]  *Key Points About Regulation SHO* (https://www.sec.gov/investor/pubs/regsho.htm).

[6]  Thomas Stratmann and John W. Welborn, *Informed short selling, fails-to-deliver, and abnormal returns*, 38 J. OF EMPIRICAL FIN. 81 (2016).

10. I have been informed that there are approximately 3 million shares of Scilex Common Stock that presently trade on the NASDAQ stock exchange (the "Float"). The Broker Reports indicate that customers of the Brokerage Firms may have sold short millions of shares more than the equity float, as reported to me.

11. I have also been informed that Sorrento issued a dividend of Scilex Common Stock shares in February of 2023 to Sorrento shareholders (such shares the "Dividended Silex Stock"). I have also been informed that the Dividended Scilex Stock shares have remained restricted since the dividend occurred. It is my understanding that restricted shares that are not freely tradeable may not be used a source of borrow and/or locate for executing short sales.

12. Based on my review of the Broker Reports, relevant data and information, and my own professional opinion, I believe the Broker Reports indicate that the Brokerage Firms are either (i) allowing and facilitating naked short-selling of restricted Dividended Scilex Stock, and/or (ii) allowing and facilitating naked short-selling of unrestricted Scilex Common Stock.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 12, 2023
New York, New York

By: /s/ *John W. Welborn*
Dr. John W. Welborn