IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: <br><br> SORRENTO THERAPEUTICS, INC., *et al.*[1] <br><br> Debtors. | § § § § § § § § | Chapter 11 <br><br> Case No. 23-90085 (DRJ) <br><br> (Jointly Administered) |
| OFFICIAL COMMITTEE OF EQUITY SECURITIES HOLDERS, <br><br> Plaintiff. <br><br> v. <br><br> BANK OF AMERICA SECURITIES, INC., MERRILL, LYNCH, PIERCE, FENNER & SMITH INCORPORATED, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO., LLC, PERSHING LLC, NATIONAL FINANCIAL SERVICES LLC, STATE STREET BANK AND TRUST COMPANY, AND UBS SECURITIES LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Adversary Proceeding No. 23-03106 |

**DEFENDANTS' EMERGENCY MOTION FOR CONVERSION OF
THE JUNE 27, 2023 EVIDENTIARY HEARING INTO STATUS CONFERENCE**

> **Emergency relief has been requested.  Relief is requested not later than June 20, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

Defendants in the above-captioned adversary proceeding, Bank of America Securities, Inc., Merrill, Lynch, Pierce, Fenner & Smith Incorporated, J.P. Morgan Securities LLC, Morgan Stanley & Co., LLC, Pershing LLC, National Financial Services LLC, State Street Bank and Trust Company, and UBS Securities LLC (collectively, the "Defendants"), by and through their respective undersigned counsel, hereby file this motion requesting that the Court convert the June 27, 2023 evidentiary hearing on the *Emergency Application for a Temporary Restraining Order and Preliminary Injunctive Relief* (the "Motion") (Dkt. No. 3) to a status conference. In support of this motion, Defendants respectfully state as follows:

## BACKGROUND

1. This adversary proceeding was commenced by the Official Committee of Equity Securities Holders (the "Equity Committee" or "Plaintiff") of the above-captioned debtors and debtors in possession (the "Debtors") on June 12, 2023. Simultaneously with the commencement of this case, the Equity Committee filed the Motion. This Court then entered a Temporary Restraining Order on June 14, 2023 (the "TRO") that (1) suspended all short-sales of Dividended Scilex Stock; (2) set a June 22, 2023 deadline for Defendants to "provide an accounting of all profits received from the naked-short selling of Dividended Scilex Common Stock and Scilex Common Stock, including all interest charged to short-sellers;" and (3) set an evidentiary hearing for 9:30 a.m. on June 27, 2023 to consider the Motion's request for a preliminary injunction (the "PI Hearing") (Dkt. No. 7).

2. There is no need for an evidentiary hearing on the Motion. Short-sales of Dividended Scilex Stock that the TRO suspended were *already* restricted by, among other things, a previous Court Order entered April 25, 2023. Further, even if the "naked short sales" theory spun by the Equity Committee had any merit (and it does not), this adversary proceeding is simply

2

a claim for money damages. As in all litigation about money damages, Defendants are entitled to move to dismiss these claims as a matter of law before having to endure the burden and expense of an evidentiary hearing that will require both fact and expert witness testimony. By running to Court—with no notice to any of the Defendants (each of whose counsel already appeared in these cases and in apparent violation of Bankruptcy Rule 7065(b)(1)(A))—and seeking to enjoin trading *that could not otherwise occur*, the Equity Committee has not somehow earned the right "put the cart before the horse" and present evidence on dubious claims that could not survive a motion to dismiss.

## REQUEST FOR RELIEF

3.  Defendants jointly move to respectfully request that the Court convert the PI Hearing to a status conference and continue the PI Hearing to a later date (if such hearing is necessary at all), so that Defendants may fully brief the Court on the dispositive legal grounds for denial of the Motion.[2] For instance, and without limitation, the Motion should be denied because (a) as noted, there is no substantial threat that irreparable harm will result because the Debtors have an adequate remedy at law (i.e., money damages); (b) the Equity Committee lacks standing to pursue the claims alleged in this adversary proceeding; (c) the Complaint fails to allege any action, even if taken, that has been or could be a violation of the automatic stay because the trading of Dividended Scilex Stock that Plaintiff seeks to enjoin is not property of the Debtors' bankruptcy estate, and (d) Defendants' trading or loaning of Dividended Scilex Stock (if any) could not be a violation of the automatic stay under the Bankruptcy Code's safe-harbor provisions.

---

[2] These same defects are grounds for dismissal of the Complaint itself as well. Defendants therefore seek to set a briefing schedule for motions to dismiss pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b) at the status conference.

4.      As Defendants will more fully brief at the appropriate time, the underlying premise of the Equity Committee's claims appears to be that Defendants' involvement in open market trading of stock that happens to be owned both by clients of Defendants and by the Debtors (or that is owned by clients of Defendants and is related to stock owned by the Debtors) may have an effect, through fluctuations in market pricing caused by such trading in which the Defendants and other third parties are involved, on the value of stock owned by the Debtors.  Not only is there no precedent for such activity constituting a violation of the automatic stay, such a conclusion would defy both basic logic and the "safe harbor" exceptions to the automatic stay embedded in the Bankruptcy Code.  Defendants believe that the Equity Committee's Complaint is a clear over-reach and will be dismissed as a matter of law.

5.      Of course, the Equity Committee has the facts entirely wrong as well.  Short *positions* on a broker-dealer's books and records and loans of securities in the normal course of a securities lending program of Dividended Scilex Stock are not indicative of short sales  (let alone of any "illegal" or "naked" short sales of such stock), as this security has at all relevant times been under a transfer restriction.  And the alleged wrongful conduct of "illegal naked short selling" is, based on Defendants' investigations to date, simply incorrect.  But the Court need not even resolve any factual disputes about the nature of any trades or loans given the various legal defects in the Motion described above.

6.      An emergency evidentiary hearing is not necessary.  Defendants are already complying with the Court's orders (a) extending the restricted period of Dividended Scilex Stock and (b) "suspend[ing]" short selling of Dividended Scilex Stock.  Because these orders and restrictions preclude any short selling in Dividended Scilex Stock, there is no possible irreparable harm that Plaintiff could suffer from the conduct alleged in the Complaint or the Motion.

Moreover, the alleged conduct at issue, even if it did occur (though Defendants' investigations to date reveal it did not), can be fully remedied by money damages.

7. Given the status quo, absence of emergency, availability of a remedy at law, and the complexity of the issues the Plaintiff has raised, due process and principles of fairness, efficiency and conservation of the parties' and the Court's resources, warrant an initial status conference where the parties and the Court can set a schedule to resolve the legal defects in the Motion before any evidentiary hearing takes place.

## EMERGENCY CONSIDERATION REQUESTED

Defendants respectfully request that the Court consider this motion on an emergency basis. The PI Hearing is presently set for June 27, 2023 at 9:30 a.m.  **Defendants request consideration of this Emergency Motion by Tuesday, June 20, 2023.**  Emergency consideration of this Motion is requested so all parties may properly prepare for the hearing.  As set forth above, there are a number of dispositive legal questions to be addressed prior to an evidentiary hearing on the Equity Committee's request for a preliminary injunction.  Moreover, if the PI Hearing is to go forward as currently set (and Defendants respectfully suggest that one should not for the reasons noted above), there are extensive witness and legal preparations that will need to occur on an extremely short timeline, including possibly retaining and preparing one or more expert witnesses to rebut the Equity Committee's expert.  The Defendants will also need to conduct extensive coordination between themselves on a shortened timetable to prepare arguments and non-duplicative presentation at any hearing.  For these reasons, the Defendants request that the Court consider this motion on an emergency basis.

**RESERVATION OF RIGHTS**

Defendants file this motion subject to and without waiver of any and all objections, arguments, and oppositions to the Complaint and the Motion, whether identified herein or not. Defendants specifically reserve the right to dispute both the factual and legal support for the Complaint and the Motion to the fullest extent possible, including but not limited to that the Complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b). Defendants further reserve their rights to seek any and all relief to which they are entitled, and to object to any further relief sought by the Debtors, the Unsecured Creditors' Committee, or the Equity Committee regarding the Dividended Scilex Stock and/or any related issues.

Dated: June 16, 2023
Houston, Texas

Respectfully submitted,

*/s/ Simon R. Mayer*
Alicia F. Castro
Texas Bar No. 24069705
Simon R. Mayer
Texas Bar No. 24060243

**LOCKE LORD LLP**
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
acastro@lockelord.com
simon.mayer@lockelord.com

*Counsel to J.P. Morgan Securities, LLC*

**KATTEN MUCHIN ROSENMAN LLP**
Peter A. Siddiqui (*pro hac vice* pending)
Peter G. Wilson (*pro hac vice* pending)
David Luger (*pro hac vice* pending)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
peter.siddiqui@katten.com
peter.wilson@katten.com
david.luger@katten.com

Michaela C. Crocker
2121 North Pearl Street Suite 1100
Dallas, Texas 75201
michaela.crocker@katten.com

*Counsel to UBS Securities LLC*


**MCGUIREWOODS LLP**
Demetra Liggins (State Bar No. 24026844)
845 Texas Tower, Suite 2400
Houston, TX 77002
Telephone: (713) 353-6661
Facsimile: (832) 255-6371

Shawn R. Fox (*pro hac vice* pending)
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Telephone: (212) 548-2100
Facsimile: (212) 548-2150

*Counsel to Bank of America Securities, Inc., Merrill, Lynch, Pierce, Fenner & Smith Incorporated and Pershing LLC*

        **WILMER CUTLER PICKERING HALE AND DORR LLP**
George W. Shuster, Jr. (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
george.shuster@wilmerhale.com
ross.firsenbaum@wilmerhale.com

*Counsel to National Financial Services LLC and State Street Bank and Trust Company*

**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**
Andrew R. Harvin
State Bar No. 09187900
aharvin@drhrlaw.com
Michael S. Hawke
State Bar No. 24127035
mhawke@drhrlaw.com
The Lyric Centre
440 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 228-5100
Facsimile: (713) 228-6138

*Counsel to Morgan Stanley & Co., LLC*

### Rule 9013-1(i) Certificate

    I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

        */s/ Simon R. Mayer*
        Simon R. Mayer

**Certificate of Conference**

Counsel for the Defendants conferred with counsel for the Equity Committee prior to filing this Motion.  The parties were unable to reach agreement.

*/s/ Simon R. Mayer*
Simon R. Mayer

**Certificate of Service**

I certify that on June 16, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on parties registered for such service in this adversary proceeding.

*/s/ Simon R. Mayer*
Simon R. Mayer
