IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,[1]<br><br>   Debtors. | Chapter 11<br><br>Case No. 23-90085 (DRJ)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF<br>EQUITY SECURITIES HOLDERS,<br><br>   Plaintiff.<br><br>v.<br><br>BANK OF AMERICA SECURITIES, INC., MERRILL, LYNCH, PIERCE, FENNER & SMITH INCORPORATED, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO., LLC, PERSHING LLC, NATIONAL FINANCIAL SERVICES LLC, STATE STREET BANK AND TRUST COMPANY, AND UBS SECURITIES LLC,<br><br>   Defendants. | Adversary Proceeding No. 23-03106 |

**PLAINTIFF OFFICIAL COMMITTEE OF EQUITY SECURITIES HOLDERS'
RESPONSE TO DEFENDANTS' EMERGENCY MOTION**

  Plaintiff the Official Committee of Equity Securities Holders (the "Equity Committee" or "Plaintiff") of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases files this response (this "Response") to *Defendants' Emergency Motion for Conversion of the June 27, 2023 Evidentiary Hearing into Status Conference* [Dkt. No. 10]

---

[1]  The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

1

(the "Motion") requesting that the Court convert the June 27, 2023 hearing (the "PI Hearing") on the *Emergency Application for a Temporary Restraining Order and Preliminary Injunctive Relief* [Dkt. No. 3] (the "Application" and the related entered order [Dkt. No. 7], the "TRO")[2] to a status conference.  In support of this Response, Plaintiff respectfully states as follows:

**PLAINTIFF'S RESPONSE**

The Equity Committee stands ready and able to participate in the PI Hearing scheduled for June 27, 2023 per the Court's directive.  The Defendants apparently are not.  While the Equity Committee would be amenable to a short adjournment to enable the parties to conduct additional discovery and to facilitate any legal briefing, the Defendants' goal is to delay and hide the ball.

On June 15, 2023, the Equity Committee met and conferred with the Defendants – *at their request* – to discuss the timing and conduct of the PI Hearing.  At this meeting, Defendants asserted that they have not permitted or engaged in any naked short-selling and that the Equity Committee misapprehends the facts.  When asked for evidence or an explanation of this, Defendants demurred.  The Equity Committee also invited each of the Defendants to contact the Equity Committee separately to explain why the certifications filed with this Court – *showing millions of shares shorted above the 3 million share public float* – do not reflect naked short-selling.  To date, no Defendant has called despite the Equity Committee's assurance that it would not pursue this case if, in fact, there was no naked short-selling or impermissible shorting of restricted shares.  Defendants then claimed that they have legal defenses that would defeat the Motion.  When asked to identify these defenses, Defendants refused to do so.  Instead, the Defendants sought an adjournment.  When asked how long of an adjournment they were seeking, Defendants refused to

---

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

tell the Equity Committee. Defendants then filed a motion seeking to convert the June 27 PI Hearing to a status conference.

Defendants argue that the in-person PI Hearing ordered by the Court apparently is unnecessary and seek to convert it into a video status conference. *See* Motion at ¶ 6. Based only on a series of conclusory statements – notably omitting any specific legal authority – Defendants claim that the Complaint fails as a matter of law. *See* Motion at ¶ 3. While the Motion is patently inadequate to explain (let alone provide the Equity Committee and stakeholders with notice of) their defenses, it is clear none of the Motion's bare legal conclusions pass muster:

- Injunctive relief is plainly appropriate for Section 362 stay violations;[3]

- The Equity Committee, as a Court-appointed estate fiduciary, has standing to pursue its claims because the Debtors requested that the Equity Committee pursue the claims in its place;[4]

- The Debtors' equity interest in Scilex is property of the Debtors' estates as a matter of law;[5] and

- The Bankruptcy Code's safe-harbor provisions do not apply to illegal naked short-selling of stock or illegal shorting of restricted shares.[6]

---

[3] *See e.g.*, *In re Sanchez*, 372 B.R. 289, 309 (Bankr. S.D. Tex. 2007) (holding the automatic stay "is a self-executing injunction, and therefore for contempt purposes it constitutes an order of the bankruptcy court"); *In re Noram Res., Inc.*, 2015 WL 5965654, at *5 (Bankr. S.D. Tex. Oct. 9, 2015) (same).

[4] *See e.g.*, 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, a creditors' committee, *an equity security holders' committee*, a creditor, an equity securities holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.") (emphasis added); *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988) (collecting cases holding that "a creditors' committee has standing under Title 11, United States Code, section 1103(c)(5) and/or section 1109(b) to file suit on behalf of a debtor-in-possession of a trustee" and explaining there is no "formalistic checklist" to finding an official committee has standing).

[5] As explained in the Application, property of a debtor's estate encompasses a debtor's equity interest in a subsidiary. *See* Application ¶ 36. *See also In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1059 (5th Cir. 2012) (citing and quoting *In re Guyana Development Corp.*, 168 B.R. 892, 905 (Bankr. S.D. Tex. 1994) for the proposition that "[a]s a general rule, property of the estate includes the debtor's stock in a subsidiary").

[6] The Equity Committee is aware of no legal authority providing that Section 362(b)(6)'s safe-harbor provisions apply to the naked short-selling of stock. Courts, however, have long emphasized Section 362(b)(6)'s safe-harbors do not apply to situations that "would be unlawful under any applicable law or regulation." *In re Grafton Partners*, 321 B.R. 527, 537 (B.A.P. 9th Cir. 2005) (quoting H.R. REP. No. 97-420, at 3 (1982), U.S. Code Cong. & Admin. News 1982).

3

The Court, the estates and their stakeholders deserve to know the truth. Was there naked short-selling? Did the Defendants allow the restricted Scilex stock to be used for short-selling? It appears that Defendants would rather not answer these questions because they would have contacted the Equity Committee to explain. Their failure to do so speaks volumes.

This has been a simmering dispute in these Chapter 11 cases for months. The Equity Committee is willing to have a status conference with the Court as soon as the Court is available to discuss how the Court would like to proceed on June 27. There is no compelling reason (other than the Court's schedule) to wait over a week to seek the Court's guidance on next steps.

## **CONCLUSION**

WHEREFORE, the Equity Committee respectfully requests that the Court hold Defendants' Motion in abeyance and instead schedule a status conference as soon as the Court is available.

[*Signature Page Follows*]

Dated: June 19, 2023

        Respectfully Submitted,

        **GLENN AGRE BERGMAN & FUENTES LLP**
        By: <u>*/s/ Andrew K. Glenn*</u>
        Andrew K. Glenn (*pro hac vice*)
        Kurt A. Mayr (*pro hac vice*)
        Shai Schmidt (*pro hac vice*)
        Richard C. Ramirez (*pro hac vice*)
        1185 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 970-1601
        Email: aglenn@glennagre.com
        kmayr@glennagre.com
        sschmidt@glennagre.com
        rramirez@glennagre.com

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

By: */s/ Andrew K. Glenn*

**Certificate of Service**

I certify that, on June 19, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

By: */s/ Andrew K. Glenn*